Gerald Barrett, SBN: 005855
WARD, KEENAN & BARRETT, P.C.
3838 North Central Avenue, Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Holly and James Dinan, in their capacities as trustees of the Arizona Sheet Metal Trades Health & Welfare Trust Fund, a trust; Arizona Sheet Metal Trade Pension Trust Fund, a trust; Arizona Sheet Metal Joint Apprenticeship and Training Trust Fund, a trust; Arizona Sheet Metal and Air Conditioning Trades Industry Program, a trust; and International Association of Sheet Metal, Air, Rail, and Transportation Workers' Local 359, a labor organization, <br><br> Plaintiffs, <br><br> v. <br><br> JMT Mechanical, LLC, <br><br> Defendant. | Case No. <br><br><br> COMPLAINT |

For their complaint against Defendants, Plaintiffs allege as follows:

## INTRODUCTION

1.     Plaintiff Trust Funds and their representative trustees seek entry of an order compelling the defendant employer to allow completion of an audit of its payroll records. *See, Central States Pension Fund v. Central Transp., Inc*., 472 U.S. 559, 568 (1985).

2.      Plaintiffs further request that the Court retain jurisdiction to: resolve any controversy over completion of the audit; enter a money judgment in the event the audit shows that the Defendant employer failed to properly pay fringe benefit contributions together with Plaintiffs' fees and costs incurred herein; and, award to Plaintiff's any fees and costs incurred in collection of amounts so awarded.

COUNT ONE
ACTION TO ENFORCE COLLECTIVE BARGAINING INDUSTRY AGREEMENT

3.      Count One is brought to enforce the terms of a collective bargaining agreement. Accordingly, the Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

4.      Venue is appropriate as the delinquent employee fringe benefit contributions at issue are received by each of the Plaintiff Trust Funds at a depository in Phoenix, Maricopa County, Arizona.

5.      Each Plaintiff maintains its principal place of business in Phoenix, Maricopa County, Arizona.

4.       Plaintiff International Association of Sheet Metal, Air, Rail, and Transportation Workers' Local 359 ("Local 359") is a labor organization within the meaning of the federal labor laws.

5.      Plaintiff Arizona Sheet Metal Trade Health & Welfare Trust Fund; Arizona Sheet Metal Trade Pension Trust Fund; Arizona Sheet Metal Joint Apprenticeship And Training Trust Fund; and Arizona Sheet Metal And Air Conditioning Trades Industry Program (collectively referred to as "Trust Funds") are each a jointly trusteed multi-employer trust fund created to provide benefits to employees of employers, including Defendant, that are party to a collective bargaining agreement with Local 359.

6.      Each of the Plaintiff Trust Funds is empowered by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq. to sue and be sued as an entity.

Complaint Page 2

7.    Plaintiffs Jeffrey Holly and James Dinan are each duly appointed trustees of the Plaintiff Trust Funds.

8.    Defendant JMT Mechanical, LLC ("Employer") is an Arizona limited liability company engaged in business as a contractor in the building and construction industry.

9.    Defendant maintains its principal place of business in Maricopa County, Arizona.

10.    Justine Trevino serves as a member of the limited liability company and as Defendant's "qualifying party" for its Specialty Dual CR-39 Air Conditioning and Refrigeration license issued by the Arizona Registrar of Contractors.

11.    Defendant, at all times relevant, was and is party to a collective bargaining agreement with Local 359 which incorporates the terms of the various Agreement and Declarations of Trust establishing each of the various Plaintiff Trust Funds.

A.    On or about, September 1, 2017, Justine Trevino executed on behalf of Defendant a memorandum agreement binding Defendant to the Local 359 statewide collective bargaining agreement with the Sheet Metal & Air Conditioning National Association, Arizona Chapter ("Industry Agreement"), but only for worked to be performed by Defendant on a construction project known as the Turbo Resources Project.

B.    On or about July 1, 2018, Justine Trevino executed on behalf of Defendant a memorandum agreement binding Defendant to the Industry Agreement without any qualification or limitation.

12.    Defendant remains bound to the Industry Agreement.

13.    The Industry Agreement, among other things, obligates signatory employers including Defendant to file reports and pay fringe benefit contributions on behalf of employees who perform work covered by the Industry Agreement as described herein.

14. The Industry Agreement requires Defendant to file a contribution report form on a monthly basis with the various Plaintiff Trust Funds, listing the names of each employee who performed covered work during the prior month and the number of hours worked by each employee.

15. The Industry Agreement requires that Defendant when filing its contribution report tender payment of fringe benefit contributions to each of the various Plaintiff Trust funds based on the number of hours worked multiplied by the contribution rates for each Trust Fund set forth in the Industry Agreement.

16. The Industry Agreement requires Defendant, during the course of each month, to withhold amounts from its employees' wages based on rates established in the Industry Agreement and remit such amounts to Local 359 for payment of dues and amounts owed to the Plaintiff Equality Fund and the Plaintiff Youth-to-Youth Fund.

17. The terms of the various Agreement and Declarations of Trust establishing the various plaintiff trust funds establish plaintiffs' right to audit Defendant's payroll records.

18. By way of a letter dated September 3, 2019, the third-party administrator of the Plaintiff Trust Funds advised Defendant that the Trustees sought to audit Defendant's payroll records to "identify all eligible participants and to determine whether the reporting of hours and contributions to the Trust Funds is in compliance with the collective bargaining agreement."

19. On behalf of the Plaintiff Trust Funds, undersigned counsel sent a letter dated September 28, 2019, to Defendant addressing the fact that Defendant was ignoring the Trust Funds' auditor's request to schedule a time and date for the audit.

20. Subsequent to September 28, Defendant scheduled the payroll audit to be conducted on 10:00 a.m. on October 18, 2019 at its offices.

21. On the morning of October 18, 2019, at approximately 4:30 a.m., a representative of Defendant called the Trust Funds' auditor and left a message cancelling the audit.

Complaint Page 4

22.     From October 18, through October 26, 2019, Defendant ignored requests from the auditor to reschedule the audit.

23.     In response to a letter dated October 26, 2019, from the Trust Funds' lawyer, Defendant agreed to allow for an audit to be conducted on November 12, 2019.

24.      On November 12, 2019, Defendant allowed the auditor to inspect its payroll records, but only through the period October 2018.

25.     To date, the Trust Funds' auditor has not been able to confirm whether Defendant on November 12, 2019, produced an accurate and complete set of its payroll records for the period ending October 31, 2018.

26.     On November 12, 2019, Justine Trevino advised the Trust Funds' auditor that Defendant would not allow inspection of its payroll records for the period commencing November 1, 2018 thorough present because "the project is over."

27.     On November 24, 2019, counsel for the Trust Funds sent an email to Justine Trevino that included a copy of the July 1, 2018, memorandum executed by Justine Trevino and binding Defendant to Local 359 statewide collective bargaining agreement with the Sheet Metal & Air Conditioning National Association, Arizona Chapter, See ¶ 11 (B), and demanding that Defendant immediately contact the auditor to schedule a resumption of the audit.

28.     Defendant Employer has failed to respond to the above described November 24, 2019 email and has otherwise failed and refused to allow for audit of its payroll records after October 2018.

29.     Each of the Agreement and Declarations of trust for the Plaintiff Trust Funds entitle Plaintiffs to recover their reasonable attorneys' fees.

30.     In the event the completed audit reflects that Defendant has failed to pay contributions, Plaintiffs are entitled to recover (a) any unpaid contributions; (b) resulting liquidated damages; (c) costs including auditor costs; (d) pre-judgment interest; and (e) attorney's fees incurred both in bringing the matter to judgment and any attorney's fees incurred in post-judgment collection efforts.

WHEREFORE, Plaintiffs request entry of an Order compelling Defendant to allow for an audit of its payroll records thorough present; awarding Plaintiffs their attorney's fees and costs in this action. Plaintiffs further request that the Court retain jurisdiction to: resolve any controversy during completion of the audit; enter a money judgment in the event the audit shows that the Defendant has failed to properly pay fringe benefit; provide that Plaintiffs are entitled to recover their attorney's fees and costs incurred in any post-judgment collection effort; and, grant all other relief the Court deems just and proper.

COUNT TWO
ACTION TO ENFORCE ERISA SECTION 515

31.     Plaintiff Trust Funds incorporate paragraphs 2 through 30 above, except for paragraph 16.

32.     This Court has subject matter jurisdiction pursuant to Employee Retirement Income Security Act (ERISA).  29 U.S.C. § 1132 and 1145.

33.     Defendant Employer's refusal to allow for an audit constitutes a breach of 29 U.S.C. § 1145.

34.     Plaintiff Trust Funds are entitled to recover their attorney's fees under 29 U.S.C. § 1132.

WHEREFORE, Plaintiffs request entry of an Order compelling Defendant to allow for an audit of its payroll records thorough present; awarding Plaintiffs their attorney's fees and costs in this action. Plaintiffs further request that the Court retain jurisdiction to: resolve any controversy during completion of the audit; enter a money judgment in the event the audit shows that the Defendant has failed to properly pay fringe benefit; provide that Plaintiffs are entitled to recover their attorney's fees and costs incurred in any post-judgment collection effort; and, grant all other relief the Court deems just and proper.

/ / /

/ / /

Complaint Page 6

1        RESPECTFULLY SUBMITTED this 2nd day of December 2019.

2                               **WARD, KEENAN & BARRETT, P.C.**

3

4                       By: <u>s/ Gerald Barrett</u>

5                             Gerald Barrett

6                             3838 North Central Avenue, Suite 1720

7                             Phoenix, AZ 85012

                          Attorney for Plaintiffs

8

9

10  **<u>Certificate of Service</u>**
    I hereby certify that on the 2nd

11  day of December, 2019, I electronically
    transmitted the foregoing to the Clerk

12  of the U.S. District Court using the

13  CM/ECF System for filing and transmittal.

14  <u>s/Mary Farley</u>

15

16

17

18

19

20

21

22

23

24

25

26

27

28